Cite as 2026 Ark. 85

# SUPREME COURT OF ARKANSAS

**No.** CV-24-577

| | |
|---|---|
| SIMON POCKRUS | **Opinion Delivered:** April 23, 2026 |
| APPELLANT | <u>DISSENTING OPINION FROM DENIAL OF PETITION FOR REVIEW</u>. |
| V. | |
| KRISTY POCKRUS (NOW SAVOLD) APPELLEE | |

**NICHOLAS J. BRONNI, Associate Justice**

This isn't a complex case. As part of their divorce settlement, Simon Pockrus and Kristy Pockrus agreed to "divide 50/50 any 401k, profit sharing, retirement and any other bank accounts." Simon didn't do that, and had Kristy sued for breach of contract within the applicable five-year statute of limitations period, that would have been the end of the matter. Kristy didn't do that. She waited eight years, insisting the limitations period didn't start running until she discovered the breach and Simon refused to transfer certain retirement funds. The court of appeals agreed and found her complaint timely.

That's wrong, and I'd grant the petition to make that clear. To be sure, as the court of appeals noted, the divorce settlement doesn't specify a deadline for divvying up assets. But every first-year law student knows that when parties don't specify a timeline for the performance of an act, "the law implies that [the act] must be performed within a reasonable time." *Excelsior Mining Co. v. Willson*, 206 Ark. 1029, 1031, 178 S.W.2d 252, 254 (1944). Under that rule, Kristy didn't get to wait nearly a decade to pursue her claims. On the

contrary, as the court of appeals dissent explained, the breach occurred, her claim accrued, and the statute of limitations clock started running when Simon failed to divide the account within a reasonable time. *Pockrus v. Pockrus*, 2026 Ark. App. 31, at 7 (Hixson, J., dissenting). That is the law, and I respectfully dissent from the majority's decision not to make that clear.